UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY R. JOHNSON,<br><br>        Petitioner,<br><br>    v.<br><br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA; JAMES THISTLEWAITHE,<br><br>        Respondents.<br>                                     / | No. C 06-5565 SI (pr)<br><br>**ORDER OF DISMISSAL** |

      Jeremy Johnson filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. At the time he filed his petition, he was incarcerated in the Sonoma County Jail awaiting trial in the Sonoma County Superior Court. He later was released from jail, as indicated by the notice of change of address he filed on November 27, 2006, although he did not explain whether his release was due to an acquittal, dismissal of charges, non-custodial sentence or otherwise. In his petition, Johnson alleged that he was receiving ineffective assistance of counsel and was suffering delays and prejudice in his criminal case.

      Although there is no exhaustion requirement for a petition brought under 28 U.S.C. § 2241(c)(3), principles of federalism and comity require that this court abstain until all state criminal proceedings are completed and petitioner exhausts available judicial state remedies, unless special circumstances warranting federal intervention prior to a state criminal trial can be

found.  See Carden v. Montana, 626 F.2d 82, 83-84 & n.1 (9th Cir. 1980); see also United States ex rel. Goodman v. Kehl, 456 F.2d 863, 869 (2d Cir. 1972) (pretrial detainees must first exhaust state remedies); Younger v. Harris, 401 U.S. 37 (1971).  Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction, and perhaps in other extraordinary circumstances where irreparable injury can be shown, does the abstention doctrine not bar preconviction federal intervention against pending state prosecutions.  Carden, 626 F.2d at 84 (citing Perez v. Ledesma, 401 U.S. 82, 85 (1971)).

State criminal proceedings were ongoing and Johnson had not exhausted his available state remedies before he filed this action.  He does not contend his double jeopardy rights have been or are being violated, so he does not fall under the exception to the general rule of Younger v. Harris for double jeopardy claims.  See Mannes v. Gillespie, 967 F.2d 1310, 1312 (9th Cir. 1992).  Neither the alleged ineffective assistance of counsel nor the alleged speedy trial problem warrant require federal intervention in his ongoing criminal proceedings.  See Carden, 626 F.2d at 84 (unlike the Double Jeopardy Clause, the Speedy Trial Clause, when raised as an affirmative defense, does not embody a right which is necessarily forfeited by delaying review until after trial).

This case therefore is DISMISSED.  The dismissal is without prejudice to filing a new petition after he is convicted and after he exhausts state court remedies for all of his claims by presenting each of those claims to the state's highest court to give that court a fair opportunity to rule on the merits of his claims.  If petitioner has been convicted since the time he filed his petition, he is cautioned that he may not file multiple petitions; therefore, any new petition must include all his claims for relief and not just those that pertain to pretrial constitutional violations.  The clerk shall close the file.

IT IS SO ORDERED.

DATED:  December 15, 2006

_____
SUSAN ILLSTON
United States District Judge